**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

INTERNATIONAL GAME
TECHNOLOGY, et al.,

      Plaintiff(s),

v.

ILLINOIS NATIONAL INSURANCE CO.,

      Defendant(s).

Case No.: 2:16-cv-2792-APG-NJK

**Order**

(Docket Nos. 63, 65)

Pending before the Court are Plaintiffs' motion to amend the scheduling order and motion for leave to file a second amended complaint. Docket Nos. 63, 65. The Court has considered Plaintiffs' motions, Defendant's response, and Plaintiffs' reply. Docket Nos. 63, 65, 70, 75. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the following reasons, the Court **GRANTS** Plaintiffs' motion for leave to file a second amended complaint, Docket No. 65.[1] The Court **DENIES** Plaintiffs' motion to amend the scheduling order, Docket No. 63.

//

//

---

[1] It is within a magistrate judge's authority to grant a motion for leave to amend. *See, e.g.*, *Vandehey v. Real Soc. Dynamics, Inc.*, 2017 WL 4411042, at *1 n.4 (D. Nev. Oct. 4, 2017) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) and *Morgal v. Maricopa Cty. Bd. Of Supr's*, 284 F.R.D. 452, 458 (D. Ariz. 2012).

## I. Relevant Background

On July 13, 2017, Plaintiffs filed a motion for leave to file an amended complaint. Docket No. 23. Plaintiffs sought to add claims alleging bad faith and violations of Nevada's unfair claims practices statute. *See generally id.* On March 8, 2018, United States District Judge Andrew P. Gordon granted in part and denied in part Plaintiffs' motion. Docket No. 59. Plaintiffs were permitted to add the following bad faith claims to their complaint: that Defendant unreasonably denied coverage based on timeliness of notice of the claims at issue and that Defendant refused without cause to defend and indemnify Barcrest and Plaintiffs with respect to the Italian claims and the Global Draw lawsuit.[2] *Id.* at 3-4. Plaintiffs were also permitted to add unfair claims practices claims that Defendant allegedly misrepresented the policy and the facts surrounding the timeliness of the Global Draw claim and that Defendant allegedly failed to promptly respond to the Global Draw claim.[3] *Id.* at 6-7. Plaintiffs filed their amended complaint on March 20, 2018 and, on April 5 and 6, 2018, filed the instant motion to amend the scheduling order and motion for leave to file a second amended complaint. Docket Nos. 63, 65. Plaintiffs request leave to add new factual information to their current causes of action "based on documents and deposition testimony provided by INIC over the last several months" and to add a request for punitive damages and attorneys' fees and costs. Docket No. 65 at 10.

## II. Standards

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the motion through a two-step process. First, courts treat the motion as seeking to amend the scheduling order, which is governed by the "good cause"

---

[2] Judge Gordon denied Plaintiffs' motion as to adding the claim that Defendant acted in bad faith by denying Plaintiffs' claim for the Global Draw lawsuit based on the breach of contract exclusion, stating that Defendant's reliance on the breach of contract exclusion "is not unreasonable, or at least the proposed allegations do not sufficiently allege INIC knew or acted in reckless disregard…." Docket No. 59 at 5.

[3] Judge Gordon denied Plaintiffs' motion as to adding the unfair claims practices claims that Defendant misrepresented the facts or the policy's provisions related to the breach of contract exclusion. Docket No. 59 at 7. Plaintiffs' unfair claims practices claim that Defendant did not promptly respond to the Italian cases was also denied because the claim was time-barred, although Plaintiffs were permitted to file an amended complaint if sufficient facts were presented as to its timeliness. *Id.* at 8.

standard outlined in Fed.R.Civ.P. 16(b).  *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Id.* at 609.  In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.*  Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification.  *Id.*  "If that party was not diligent, the inquiry should end."  *Id.*  The party seeking amendment bears the burden of establishing diligence.  *See, e.g.*, *Morgal*, 284 F.R.D. at 460.

When "good cause" has been established under Fed.R.Civ.P. 16(b), courts will then examine whether amendment is proper under the standards outlined in Fed.R.Civ.P. 15(a).  Fed.R.Civ.P. 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment.  *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  As such, the Ninth Circuit has made clear that Fed.R.Civ.P. 15(a) is to be applied with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*).  Under Fed.R.Civ.P. 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint.  *See id.* at 1052.  These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis.  *See id.*  The party opposing the amendment bears the burden of showing why leave to amend should be denied.  *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

## III.   Analysis

### A.   Amending the Scheduling Order

The deadline to amend the pleadings expired on July 13, 2017.  Docket No. 17 at 3.  Nothing prevents a party from filing a motion to amend pleadings after the expiration of that deadline.  Any such motion is required to address both whether good cause exists for the late amendment under Fed.R.Civ.P. 16, in addition to whether sufficient grounds exist for amendment

under Fed.R.Civ.P. 15. As Plaintiffs' motion for leave to amend addresses both standards, the Court finds that amending the scheduling order is unnecessary.

Accordingly, Plaintiffs' motion to amend the scheduling order, Docket No. 63, is DENIED.

**B.      Leave to Amend the Complaint**

*i.      Good Cause under Fed.R.Civ.P. 16(b)*

Plaintiffs submit that good cause exists to modify the scheduling order because Defendant refused to produce certain discovery until the Court compelled it. Docket No. 65 at 12-15; *see also* Docket No. 47. Plaintiffs further submit that certain deposition testimony, on which the instant motion is based in part, was not obtained until February 2018, seven months after the deadline to amend pleadings expired. Docket No. 65 at 9. In response, Defendant submits that Plaintiffs did not diligently pursue the desired discovery and should have requested to extend the July 13, 2017 deadline. Docket No. 70 at 11-12.

In reply, Plaintiffs cite to *Brown v. Clark Cty. Det. Ctr.* and *Bermuda Rd. Properties, LLC v. Ecological Steel Sys., Inc.* for the proposition that good cause exists when information supporting an amended complaint is obtained after the deadline to amend pleadings expires. Docket No. 75 at 12 (citing 2018 WL 1457292, at *3 (D. Nev. Mar. 23, 2018) and 2015 WL 4603485, at *2 (D. Nev. July 30, 2015)). In *Brown*, the Court granted leave to amend the complaint where the defendants produced discovery over one year after the deadline to amend pleadings expired. *See* 2018 WL 1457292, at *3. In *Bermuda Rd. Properties, LLC*, the Court granted leave to amend the complaint where the defendant produced discovery three months after the deadline to amend pleadings expired. *See* 2015 WL 4603485, at *2.

The more prominent issue as to whether good cause exists, however, is whether Plaintiffs should have filed their motion for leave to file a second amended complaint sooner. Plaintiffs submit that "it was reasonable and appropriate [] to wait until the Court ruled on its initial Motion to Amend before seeking further amendment" to claims "the Court had not yet allowed Plaintiffs to bring." Docket Nos. 65 at 15, 70 at 4. Plaintiffs further submit that the Court's order on their initial motion for leave to amend "clarified the scope and sufficiency" of their initial claims, and that the "recently obtained discovery" adds additional facts pursuant to the Court's order. Docket

4

No. 65 at 15; *see also* Docket No. 59 at 8 (finding that Plaintiffs failed to adequately allege certain claims and, in regard to one claim, permitting Plaintiffs to file an amended complaint if and when sufficient facts exist without filing another motion for leave).

In response, Defendant submits that the second motion for leave to amend is "based largely on information that Plaintiffs have had in their possession since, at least the middle of January" and, therefore, should have filed their motion sooner. Docket No. 70 at 13. Defendants further submit that Plaintiffs could have supplemented their initial motion for leave to amend their complaint that was pending before the Court, as opposed to waiting for the Court to issue a ruling. *Id.*

The Court is not persuaded by Defendant's argument. Plaintiffs waited less than one month after the order on their initial motion for leave to amend was issued to file the instant motion. *Compare* Docket No. 59 *with* Docket No. 65. Additionally, the last deposition upon which the second motion for leave to amend is partially based occurred on February 19, 2018, less than two months before Plaintiffs filed the instant motion. Docket No. 65 at 9. In *Brown*, the plaintiff filed his motion for leave to amend two months after obtaining the necessary discovery. *See* 2018 WL 1457292, at *3. In *Bermuda*, the plaintiff filed its motion for leave to amend over two years after it obtained the necessary discovery.[4] *See* 2015 WL 4603485, at *2; *Cf. AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (finding, *inter alia*, that the plaintiff's motion for leave to amend was untimely because it was filed fifteen months after the plaintiff obtained the new discovery).

In the instant case, the Court finds that Plaintiffs were reasonable in waiting for the order on their initial motion for leave to amend before filing a second motion. Moreover, the Court finds that Plaintiffs were diligent in their discovery practices. Docket No. 32; *see also* Docket No. 65 at 7-9, 11-12. The Court therefore finds that good cause exists for the late amendment under Fed.R.Civ.P. 16(b).

---

[4] In *Bermuda*, however, the Court had granted summary judgment on all of the plaintiff's claims one month after the necessary discovery was obtained. *See* 2015 WL 4603485, at *2. The case's legal posture drastically changed one year later when the summary judgment order was reversed, prompting the plaintiff's motion for leave to amend. *Id.*

*ii.    Whether Amendment is Proper under Fed.R.Civ.P. 15(a)*

Following a finding of good cause, the Court turns to whether justice requires allowing amendment in this case. Courts consider the five factors originally established in *Foman v. Davis* to determine whether leave to amend should be granted. 317 U.S. 178, 182 (1962); *see e.g.*, *Eminence Capital, LLC*, 316 F.3d at 1051; *see also infra* Section II. Of the five factors, Defendant argues only that amendment should be denied because it would be futile. *See generally* Docket No. 70. Defendant fails to argue that it would be unduly prejudiced by the amendment or that the motion was filed in bad faith. *Id*. Plaintiffs sought to amend their complaint once before, which the Court does not find weighs against granting leave to amend a second time, especially in light of the general policy favoring amendment. Docket No. 23; *see also Bowles*, 198 F.3d at 757.

Additionally, the Court's discussion and finding on the timeliness of Plaintiffs' motion appropriately applies to the analysis of undue delay. *See infra* Section III(B)(i). "A strong presumption against a finding of undue delay exists when a case is still in discovery," has no trial date pending, or if a pretrial conference has yet to be scheduled. *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 316900, at *3 (D. Nev. Jan. 23, 2015) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987)). *But cf. AmerisourceBergen Corp.*, 465 F.3d at 954 (affirming the district court's denial of the plaintiff's motion for leave to amend because "even though eight months of discovery remained," the plaintiff advanced "different legal theories and [] different facts," which would have "unfairly imposed potentially high, additional litigation costs"). Plaintiffs filed the instant motion two months before the June 12, 2018 discovery cut-off. Docket No. 65. Further, a trial date has not yet been set. Docket No. 56. Moreover, the Court finds that Plaintiffs' factual amendments do not propose novel legal theories that would result in additional discovery and litigation costs.

Accordingly, the Court finds that there is no bad faith, undue delay, or prejudice to the opposing party in amending the complaint a second time.

*a.    Futility*

Defendant contends that the proposed amendments are futile. *See generally* Docket No. 70. Courts are empowered to deny leave to amend based on the futility of the amendment. *See*

*e.g.*, *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Nonetheless, "[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *see also Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at \*2 (D. Nev. Oct. 16, 2015). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment. *See, e.g.*, *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

As a preliminary matter, Defendant's response dives deeply into the merits of Plaintiffs' amendments, surpassing the standards and principles that govern a motion for leave to amend. *See generally* Docket No. 70. Although the futility analysis determines whether the proposed amendment would survive a challenge under Fed.R.Civ.P. 12(b)(6)'s plausibility standard, such analysis must nonetheless be conducted with the understanding that the appropriate response to a motion for leave to amend is not one that bears a resemblance to a motion for summary judgment. *Cf. Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also GMAC Mortgage, LLC v. Nevada Association Services, Inc.*, 2018 WL 487101, at \*2 (D. Nev. Jan. 5, 2018) (granting the plaintiff's motion for leave to amend, in part, because "Defendants have effectively attempted to transform their response to the pending motion for leave to amend into a motion to dismiss or for summary judgment"); *see generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Otherwise, a plaintiff may be deprived of the opportunity to test his or her claims on the merits in accordance with the proper briefing procedures. *E.g.*, *Foman*, 317 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits").

The Court does not address each and every piece of new factual information added in Plaintiffs' proposed second amended complaint. *See e.g.*, Docket No. 65-2 at 4-5, 9-16, 19, 21-22, 30-33. Nonetheless, the Court addresses the adequacy of some of Plaintiffs' allegations and factual amendments. Judge Gordon's order at Docket No. 59 found, *inter alia*, that Plaintiffs failed

to adequately allege that Defendant acted in bad faith by denying their claim based on the breach of contract exclusion. Docket No. 59 at 5. Plaintiffs' proposed second amended complaint alleges that the policy under which Defendant granted coverage to Scientific Games International ("SGI") contains the same substantive terms and conditions as its policy, under which Defendant denied coverage. Docket No. 65-2 at 31. In comparing Plaintiffs' initial motion for leave to amend with the instant motion, the Court finds that Plaintiffs have added new factual information that adequately alleges this bad faith claim. The Court therefore grants leave to amend to add the relevant information.

The Court also finds that Plaintiffs have adequately alleged that Defendant acted in bad faith by failing to notify Plaintiffs that Defendant was defending Barcrest under SGI's policy. *Id.* at 25, 34. Although Defendant submits that it did not owe Plaintiffs a duty to notify them of decisions it was making for other insureds, Plaintiffs allege that, not only did Defendant have a fiduciary duty to notify them, but that its failure to do so "deprived Plaintiffs of a defense in the Global Draw litigation." *Id.* at 25. The Court therefore grants leave to amend to add the relevant information.

Moreover, Defendant fails to meaningfully develop its argument as to why leave to amend should be denied as to Plaintiffs' request for punitive damages and attorneys' fees and costs. *See* Docket No. 70 at 4, 9-10; *cf. Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed). The Court therefore grants leave to amend to add these requests for relief as unopposed. Local Rule 7-2(d).

//
//
//
//
//
//
//
//

### IV.    Conclusion

For the reasons discussed more fully above, the Court **GRANTS** Plaintiffs' motion for leave to file a second amended complaint, Docket No. 65, and **DENIES** Plaintiffs' motion to amend the scheduling order, Docket No. 63. Plaintiffs shall promptly file and serve the second amended complaint. *See* Local Rule 15-1.

IT IS SO ORDERED.

Dated: June 15, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge